ABRAM CHEATHEM, JR., ET UX. *v.* THE CITY OF EVANSVILLE, ET AL.

[No. 271A24. Filed February 18, 1972. Rehearing denied March 22, 1972. Transfer denied October 4, 1972.]

*John D. Clouse*, of Evansville, for appellants.

*F. Wesley Bowers*, of Evansville, *Charles H. Scruggs*, of Indianapolis, for appellees.

STATON, J.—This is an appeal from a "Motion to Dismiss." Appellants, Abram Cheathem, Jr. and Hazel Cheathem, whose real property was located at 2417 Haag Avenue in an Evansville redevelpoment project, filed an "Amended Complaint" for relocation and moving expenses equal to that received by other residents. Appellee, City of Evansville, filed its "Motion to Dismiss" which was granted by the Vanderburgh Circuit Court.

The appellants hereafter will be referred to as "Cheathem" and the appellees will hereafter be referred to as the "City."

Cheathem suggests in his brief that rhetorical paragraphs "3" and "7" present the "* * * facts most pertinent to this appeal, * * * ." We have taken the liberty of setting forth rhetorical paragraphs "5" and "6" of the Cheathem "Amended Complaint" which we hope will add to the continuity of the claim:

"3. That the plaintiffs are citizens of the United States of America, the State of Indiana, and the City of Evans-

ville, Indiana, and are taxpayers of each of said governmental units, but because of their lack of education, their environment, having lived in a slum area, their race, which is of the Negro or black race, and their lack of legal advice and counsel early in the proceedings mentioned hereinbelow, are disadvantaged persons.

5. That sometime prior to the filing of this action, the exact date being unknown to plaintiffs, but known to defendant City, the defendant City started a redevelopment project in real estate which included that owned by plaintiffs, that said area was known as 'Villa Sites,' a slum area, during the course of which defendant City acquired real estate in said area either by purchase or condemnation, with the intention to raze the structures in said area and to resell the same.

6. That the defendant City, in the course of said operation, acquired plaintiffs' real estate.

7. That said defendant City, by the use of some formula, or regulations the exact nature which are also unknown to plaintiffs, paid to residents in said redevelopment area relocation and moving expenses, but did not pay said relocation and moving expenses to plaintiffs. That plaintiffs have, therefore, suffered discrimination from said defendant City and pray for an amount which their neighbors in comparable situations have received, the exact amount being unknown to plaintiffs. That if said regulations, or formula, referred to hereinabove, do not provide that plaintiffs receive relocation and moving expenses, then the same are unconstitutional as a denial of equal protection of laws guaranteed to these plaintiffs by the 14th Amendment to the Constitution of the United States."

The reasons given by the court for granting the City's motion to dismiss the "Amended Complaint" of Cheathem are, omitting the formal parts, as follows:

"The defendant, City of Evansville, Indiana, filed a Motion to Dismiss which was based on the following grounds:

(a) The Court lacked jurisdiction of the subject matter.

(b) The Court lacked jurisdiction of the person of the City of Evansville, Indiana.

(c) The amended complaint failed to state a claim upon which relief can be granted.

"In the view of the Vanderburgh Circuit Court plaintiffs' claim, if any, could exist only under applicable United States

Statutes. Recovery by the plaintiffs is prohibited by the express terms of 42 U.S.C. 1465, sub-section (e), which specifically prohibits review by any Court of a determination made by the federal agency as to the right to receive any relocation assistance. This was the holding in *Merge* v. *Troussi* (1968), 394 F. 2d 79.

"However, even if it were held that the prohibition of review by any court was not binding upon state courts, then the plaintiffs are precluded by failure to state any claim resting upon state statutes or constitutional grounds. The plaintiffs' amended complaint fails to state any cause under Indiana law which would form the basis for a recovery.

"First, there was no taking of any property. The plaintiffs assert in their amended complaint that they failed to receive relocation payments as other persons did. But they do not allege or assert in their amended complaint the taking of any of their property by the exercise of the power of eminent domain. Rhetorical paragraph six of the amended complaint merely says 'That the defendant, City, in the course of said operation, acquired plaintiffs' real estate.' However, even if the real estate of the plaintiffs had been taken by eminent domain there is no requirement by state law to pay relocation expenses. It was not until 1971 that the Indiana General Assembly adopted a statute which required the payment of relocation expenses to persons affected by condemnation other than by condemnation actions instituted by the Indiana State Highway Commission.

"The plaintiffs' amended complaint also does not show any valid claim of racial discrimination. The amended complaint does not even allege racial discrimination. It alleges that other persons were paid but does not say that such payment was a discrimination based upon racial origins. Apart from the allegations that they are disadvantaged persons and that others were paid relocation and moving expenses, while they were not, there is nothing to show any right to receive relocation or moving expenses. At the best the amended complaint shows that they owned land in the redevelopment area (but make no allegations that they resided therein) and does not show that they suffered or were required to make or incur any relocation or moving expenses."

The trial court granted the City's "Motion to Dismiss." Cheathem refused to plead further. Judgment was entered and Cheathem filed his "Motion to Correct Errors."

Rule TR. 12(B)(6) is the Indiana Rule of Procedure for Granting a motion to dismiss. It is identical to the federal rule. A motion to dismiss must be viewed by the trial court "* * * in the light most favorable to the plaintiff, and with every intendment regarded in his favor, * * *" to ascertain whether "* * * the complaint is sufficient to constitute any valid claim." *Theis* v. *Heuer* (1971), 149 Ind. App. 52, 270 N. E. 2d 764, 26 Ind. Dec. 3; Volume 1A, Federal Practice and Procedure Barron and Holtzoff (Wright Ed.), § 356. Under our rule as well as the federal rule, Cheathem's failure to be definite and his lack of clarity in expressing his claim will not usually warrant the granting of a motion to dismiss. When we say that no question of fact will be determined upon a motion to dismiss and that the complaint need only state enough to enable the defendant to form a responsive pleading, we do not mean that the elements necessary to give the defendants notice of the recovery theory can be excluded. The detailed pleading of facts under the old code pleading has been dispensed with but not the disclosure by the claimant of the theory upon which his claim is based. Cheathem has the burden to state all of the necessary elements of his theory of recovery. It is not the trial court's duty to search for all possible legal theories which may or may not apply to the statements advanced by the plaintiff in his claim when a motion to dismiss has been made. In the present case, Cheathem has refused to plead further and he is bound by what he has chosen to include in his claim.

The court must enter judgment if it appears that the moving party is entitled to judgment as a matter of law.[1] Judgment is never entered because the court may believe that the plaintiff will ultimately be unable to prove the allegations of his complaint. The complaint should not be dismissed so long as there is any possibility that

---

1. For second and subsequent amendments of pleadings consult TR. 15 (A) of the Indiana Rules of Civil Procedure.

the plaintiff will ultimately prevail. Examining Cheathem's "Amended Complaint," the test is whether in the light most favorable to Cheathem, with every intendment regarded in his favor, his "Amended Complaint" is not sufficient to constitute any valid claim.

The "Amended Complaint" poses two propositions of law:

(1) Cheathem is entitled to relocation assistance as a constitutional guarantee against taking of property without just compensation; and, (2) the state agency's rules and regulations are unconstitutional as violative of the Fourteenth Amendment of the Constitution of the United States and the Indiana Constitution. The trial court gave two reasons for granting the "Motion to Dismiss." The first reason goes to federal legislation and jurisdiction. The second reason goes to the failure to state any cause under Indiana law which would form the basis for recovery.

Addressing itself to the first reason, the trial court stated: "Recovery by the plaintiffs is prohibited by the express terms of 42 U. S. C. 1465, sub-section (e), which specifically prohibits review by any court of a determination made by the Federal agency as to the right to receive any relocation assistance." *Merge* v. *Troussi*, 394 F. 2d 79 (1968) was cited as authority.

42 U. S. C. Sec. 1465, Sub-section (e):
"The Secretary is authorized to establish such rules and regulations as he may deem appropriate in carrying out the provisions of this section and *may provide in any contract with a local public agency or in regulations promulgated by the Secretary, that determinations of any duly designated officer or agency as to eligibility for and the amount of relocation assistance authorized by this section shall be final and conclusive for any purposes and not the subject to redetermination by any court or any other officer,* * * *."* (Emphasis added.)

The prohibition of review by courts applies to determinations made by a "designated officer or agency." Cheathem is not asking in his "Amended Complaint" for a review of such a

determination, if in fact any such determination was ever made. The prayer of the "Amended Complaint" is "*. * * for an amount equal to that received by other residents in said redevelopment area for their relocation and moving expenses." There is no pretense made by Cheathem to have a determination reviewed by the Vanderburgh Circuit Court. If this were the purpose of his "Amended Complaint" the court's reasoning and application of the federal statute would be applicable. The first reason stated by the trial court is not sufficient to grant a "Motion to Dismiss."

The second reason given by the court for granting the City's Motion to Dismiss is: "The plaintiffs' 'Amended Complaint' fails to state any cause under Indiana law which would form the basis for a recovery." The validity of this reason for granting the City's "Motion to Dismiss" rests with the answer to the question: Is the denial of relocation expenses a taking of property without just compensation under Indiana law? Cheathem expresses the question in another manner in his brief: "When the defendant acquired plaintiffs' real estate, it took away their right to the quiet enjoyment of living in a home * * *, it deprived them of property without just compensation." Cheathem cites this as a violation of Article 1, § 21 of the Constitution of the State of Indiana and the 14th Amendment, § 1 of the Constitution of the United States. Cheathem further states in his brief that: "Counsel cannot find any cases, decided under these provisions, with facts similar to the case at bar." We would call Cheathem's attention to Joslin Mfg. Co. v. Providence (1923), 262 U. S. 668 at 676, 67 L. Ed. 1167, 43 S. Ct. 684, in which the court stated:

> "Ordinarily, the cost of removing personal property from land taken is not a proper element of damage unless made so by express statute * * *." Also, see 69 A. L. R. 2d 1453 at 1454, § 2.

We would further call to the attention of Cheathem a summary of the holdings of our Supreme Court of the United States on

this question which has been set forth in *Housing Authority of City of E. St. Louis* v. *Kosydor* (1959), 17 Ill. 2d 602, 162 N. E. 2d 357, 360, which is as follows:

> "The United States Supreme Court has recently considered whether removal costs are recoverable under the fifth amendment to the Federal constitution requiring ■ 'just compensation' for private property taken by the Federal government. *United States* v. *General Motors Corp.*, 323 U. S. 373, 65 S. Ct. 357, 89 L. Ed. 311; *United States* v. *Petty Motor Co.*, 327 U. S. 372, 66 S. Ct. 596, 90 L. Ed. 729; *United States* v. *Westinghouse Electric & Mfg. Co.*, 339 U. S. 261, 70 S. Ct. 644, 94 L. Ed. 816. These decisions indicate that the Federal guarantee of 'just compensation' does not comprehend moving expenses as an element of damage except in the case where private property is taken only temporarily for public use. Absent this exception, a condemnee's right of compensation is limited to the market value of the interest taken. Only in the sense that he is to receive such value is it true that the owner must be put in as good position pecuniarily as if his property had not been taken."

We agree with the trial court that Cheathem has not stated a cause under the 14th Amendment of the Constitution of the United States from which recovery can be had.

Cheathem further argues that the Indiana Constitution also requires that relocation expenses be paid as part of "just compensation." We do not agree. The elements considered in a taking are set forth in IC 1971, 32-11-1-6; Ind. Ann. Stat. § 3-1706 (Burns 1968):

> "First. The fair market value of each parcel of property sought to be appropriated, and the value of each separate estate or interest therein;
>
> Second. The fair market value of all improvements pertaining to the realty, if any, on the portion of the real estate to be condemned;
>
> Third. The damages, if any, to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated;
>
> Fourth. Such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff."

The first three categories under the statute above concern themselves with real property interests which are familiar to all eminent domain proceedings. It is the fourth category which would entertain relocation or moving expenses provided that this is the intent. Therefore, we address ourselves to the question: Are moving and relocation expenses a part of just compensation under the fourth category of the statute? Our Supreme Court in *State* v. *Heslar* (1971), 257 Ind. 307, 274 N. E. 2d 261, 266, in a decision written by Judge Hunter, gives a very narrow and limited application of this statutory category:

> "In fact, it appears from reading the fourth element of damages in the statute, that it was intended to recompense a person for damages resulting from the method of construction in a physical sense. The statute states that it applies to damages which result from the 'construction of the improvements in the manner proposed * * *' It is intended to cover such conditions as a total denial of access due to the method of construction. It was not intended to cover any or all consequential damages of any kind. *State* v. *Stabb* (1948), 226 Ind. 319, 79 N. E. 2d 392, contained language that any consequential damages were allowable, but that case was found to have no legal significance in *State* v. *Jordan, supra,* 247 Ind. at 366, 215 N. E. 2d 32. That being the case, we here expressly overrule *State* v. *Stabb* as it relates to damages for loss of profits and to its definition of consequential damages. Our policy should not be such as to place an undue burden upon the State in acquiring land for such public improvements as highway construction when such improvements are considered to be in the public interest. Allowance of such remote and highly speculative items as loss of business or profits would do just that."

Therefore, we are of the opinion that Indiana follows the great weight of authority which denies relocation expenses as a part of "just compensation."[2] (See 69 A. L. R. 2d 1453.)

2. In 1971, the Indiana General Assembly passed the relocation Assistance Act, IC 1971, 8-13-18.5-1; Ind. Ann. Stat. § 3-1771 (Burns 1971 Cum. Supp.). However, this action was begun in 1969 and must be governed by then existing statutes and theories of recovery advanced by Plaintiff.

Rhetorical paragraph "7" of Cheathem's "Amended Complaint" alleges discrimination by the City through the application of "* * * some formula or regulations, the exact nature which are also unknown to plaintiffs, * * *." We have already discussed the question of relocation or moving expenses as an element of taking without just compensation under the Constitution of the State of Indiana and the Constitution of the United States. If the City took Cheathem's property under eminent domain, it would have to follow the Indiana statutes pertaining thereto. Violation of such statutes has not been alleged by Cheathem. No right to relocation or moving expenses existed when Cheathem filed his complaint.[3] In rhetorical paragraph "5" of Cheathem's "Amended Complaint," he suggests an alternative: "[The] City acquired the real estate in said area either by purchase or comdemnation * * *." If Cheathem's property was purchased by the City, a violation of the contractual agreement should have been alleged. Cheathem has not made it clear in his claim to the court which method was used by the City in acquiring his property. Furthermore, he has refused to amend further so that the trial court could be advised of the basis on which he is seeking recovery. We agree with the trial court that Cheathem's "Amended Complaint" in its present form fails to state a claim upon which recovery can be based.

The judgment of the trial court is hereby affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 278 N. E. 2d 602.