CITY OF HAMMOND *v.* BD. OF ZONING APPEALS ET AL.

[No. 1071A215. Filed June 22, 1972.]

*John J. McDonagh, Kiernan, McDonagh & Reppa,* of Hammond, for appellant.

*Lowell E. Enslen, Herbert E. Boase, Peters, McHie, Enslen & Moran,* of Hammond, for appellee.

STATON, J.—STATEMENT ON APPEAL: The Board of Zoning Appeals granted a variance to George Sarros to construct a Standard Oil Service Station on the southwest corner of Chicago and Columbia Avenues in the City of Hammond, Indiana. The City of Hammond filed a complaint in the Lake County Superior Court requesting *inter alia* that the trial court declare that the Board of Zoning Appeals had exceeded its authority under Ordinance 2928. The Board of Zoning Appeals filed its Motion to Dismiss for lack of jurisdiction which was sustained by the trial court. In its motion to correct errors, the City of Hammond alleged that the trial court erred in sustaining the Board of Zoning Appeals' Motion to Dismiss. We affirm the trial court's ruling upon the Motion to Dismiss in the following opinion:

STATEMENT OF FACTS: George Sarros requested and received a change of zoning from the Plan Commission which would permit him to construct a Standard Oil Service

Station at the southwest corner of Chicago and Columbia Avenues in the City of Hammond, Indiana. The Hammond City Council voted to deny the change in zoning which had been granted by the Plan Commission. When George Sarros went to the Building Commissioner and demanded a building permit, the permit was denied. George Sarros appealed to the Board of Zoning Appeals and it granted a variance for the construction of the Standard Oil Service Station. This action of the Board of Zoning Appeals was taken after receiving from the City Attorney a letter dated March 6, 1970 which advised against the granting of said variance. On May 28, 1970, a petition for writ of certiorari was filed by Karen F. Freckleton. The City of Hammond was granted leave to intervene as a party plaintiff in that action. The petition for certiorari was defective and dismissed by the Court. *No appeal was taken from this dismissal.* Another action was filed by the City of Hammond on July 31, 1970, seeking relief from alleged illegal proceedings of the Board of Zoning Appeals when it granted a variance to George Sarros. In regard to this second action, the Board of Zoning Appeals filed its motion to dismiss and an alternative motion for summary judgment. The motion to dismiss was sustained on March 25, 1971. The City of Hammond filed its motion to reconsider on April 26, 1971 which was never ruled upon by the court since leave of court was granted to file an amended complaint on May 19, 1971. In response to the amended complaint, the Board of Zoning Appeals filed its motion to dismiss. The second motion to dismiss filed by the Board of Zoning Appeals was sustained on June 24, 1971, and the judgment entered by the court on March 25, 1971 was reinstated. The City of Hammond filed its motion to correct errors on June 28, 1971 which gives rise to the issues to be discussed in the paragraph below.

STATEMENT OF ISSUES: The City of Hammond's motion to correct errors brings into focus these contentions of error and issues which will be discussed under "Statement

of the Law on the Issues" under the numerical designations as set forth below:

I. Was the City's motion to correct errors filed within the sixty (60) days as provided by Rule TR. 59?

II. Did the City's complaint state a claim?

III. Was the granting of the Board's first motion to dismiss *res judicata?*

IV. Did the trial court have jurisdiction over the subject matter?

V. Was a "justiciable issue" placed before the trial court?

STATEMENT OF THE LAW ON THE ISSUES:

I. "It is the contention of the Board that no motion to correct errors was filed by the City within 60 days after the entry of the judgment of March 25, 1971, as required by Trial Rule 59, Indiana Rules of Procedure."

A recapitulation of the proceedings up to and including the City's motion to correct errors is necessary before considering in detail this contention of error.

| | |
|---|---|
| July 31, 1970 | City files complaint |
| August 18, 1970 | Board files motion to dismiss |
| December 23, 1970 | Court denies motion to dismiss |
| February 23, 1971 | Board files motion to reconsider |
| March 25, 1971 | Court grants motion to dismiss |
| April 26, 1971 | City files motion to reconsider |
| May 19, 1971 | City files for leave to amend complaint |
| May 28, 1971 | Board files motion to strike; Court sustains Board's motion and reinstates March 25, 1971 Order |
| June 28, 1971 | City files motion to correct errors. |

The Board is contending that the motion to correct errors filed on June 28, 1971 was not timely. The first motion to dismiss was granted on March 25, 1971. The Board further contends that this was final judgment and that the intermediary motions to reconsider and for leave to amend the complaint did not toll the effect of Rule TR. 59(C) of the Indiana Rules of Procedure which provide:

"A motion to correct errors shall be filed not later than sixty [60] days after the entry of judgment."

The Board's contention that the first motion to dismiss was a final judgment is correct. Their assumption that the subsequent filings did not toll the effects of Rule TR. 59(C) is not correct.

The court entered judgment March 25, 1971, on the Board's first motion to dismiss. A motion to reconsider was filed by the City on April 26, 1971. Rule TR. 53.2(B) then read as follows:

"No hearing shall be required upon . . . motions to reconsider orders or rulings upon a motion. Such a motion by any party . . . or such action to reconsider . . . shall not delay . . . *or extend the time for any further required* . . . action, *motion* or proceedings under these rules . . . ." (Our emphasis.)

A motion to reconsider cannot toll the time requirement of filing a motion to correct errors within sixty days after the entry of final judgment.[1]

A motion for leave to amend its complaint pursuant to Rule TR. 15(A) was filed by the City on May 19, 1971. The judgment dismissing the first complaint was a final judgment and appealable. *Richards* v. *Crown Point Community School Corp.* (1971), 256 Ind. 347, 269 N. E. 2d 5. It is not on the merits or *res judicata. Cooper* v. *County Board of Review* (1971), 150 Ind. App. 232 [28 Ind. Dec. 203], 276 N. E. 2d 533. The circumstances in the present case exhibit to this Court a question of first impression: Can a party move for leave to amend a complaint after a Rule TR. 12(B)(1) motion has been granted and judgment entered?

We hold that a party to an action can amend a complaint

---

1. Effective January 19, 1972, Rule TR. 53.2(B) was changed to Rule TR. 53.3(A). The effect of the change eliminated the hearing requirement provided for in old Rule TR. 53.2(B) but did not change the effects on filing motion to correct errors after entry of final judgment. Relief from a judgment can also be obtained under Rule TR. 60 of the Indiana Rules of Procedure.

by leave of court within sixty (60) days from the granting of a Rule TR. 12(B)(1) judgment. Rule TR. 15(A) is a proper vehicle to place before the court a party's claim on the merits where the question of jurisdiction has been raised and found to be lacking. *Topping* v. *Fry* (7th Cir. 1945), 147 F. 2d 715.

In the present case, the trial court felt that "justice required" a granting of leave to amend the complaint. The trial judge is in a much better position to determine this question. The trial court is given an opportunity to resolve the claim on the merits without an unnecessary appeal on only procedural grounds. Therefore, the granting of leave to file an amended complaint did toll the effects of Rule TR. 59(C).

II.   Did the City's complaint state a claim? The Board complains at page 45 of its brief that:

> "The City in its pleading has failed and refused to inform the trial court and the Appellate Court, despite many requests from the Board and opportunities to reply, what the City's claim is, the grounds upon which it rests and the relief sought. It should not be the duty of the court to search the plaintiff's Complaint to try to justify plaintiff's claim when plaintiff is unable or unwilling to do so."

We share the above sentiments. Notice pleading has eliminated the burdensome pleading of detailed facts, but not the necessity of disclosing the theory of law upon which the claim is predicated. The City will not be penalized by what it has left out of its complaint, but it will be bound by what it has chosen to include. *Cheathem* v. *City of Evansville* (1972), 151 Ind. App. 181, 278 N. E. 2d 602. A very careful study of the City's complaint discloses that the City is seeking a declaratory judgment. Rhetorical paragraph ten (10) and its prayer for relief contain the following language:

> "That it is to the good order of the administration of the law of this City that the powers and duties as conferred by the Common Council to the defendant Board of Zoning

Appeals be resolved and the extent of their authority be delineated.

"WHEREFORE, the plaintiffs herein respectfully pray that:

\* \* \*

"(c) This Court declare and make its judgment that the Board of Zoning Appeals of the City of Hammond, Lake County, Indiana, has gone beyond the authority granted it by Hammond Ordinance No. 2928; . . ."

The City of Hammond is bound by such statements as those set out above in its complaint and it is further bound by the admission in its brief that it is not seeking certiorari or " . . . a suit to compel the Board of Zoning Appeals to perform some duty." Therefore, we can only conclude that the City is seeking a declaratory judgment.

III. Was the granting of the Board's first motion to dismiss *res judicata?* We hold that it was not *res judicata.* Paragraphs 1, 2, 3, 4 and 6 of the Board's motion to dismiss can be summarized as asking the court to dismiss the City's complaint for the reason that the City's sole remedy was by certiorari pursuant to IC 1971, 18-7-5-87; Ind. Ann. Stat. § 53-783 (Burns 1964). The Board's motion to dismiss further concludes that the City has not properly perfected its remedy under the statute. This is an attack for lack of jurisdiction over the subject matter upon the City's complaint. The attack is a Rule TR. 12 (B) (1) motion.

This Court has recently held in *Cooper* v. *County Board of Review, supra,* 276 N. E. 2d at 536:

" . . . where a question of failure to pursue statutory remedies is concerned, it is not the failure to allege which preempts the jurisdiction of the court, but rather *it is the 'failure to comply with the statute [that] is jurisdictional.'*

\* \* \*

"Thus, the issue for decision is properly framed by the Boards' Motion to Dismiss that the trial court had no jurisdiction of the subject matter because of . . . [the City's] failure to comply with adequate statutory remedies."

When the trial court grants a motion to dismiss for lack of jurisdiction over the subject matter, it has made a final judgment. The trial court has no power to further adjudicate the question of whether or not the complaint stated a claim upon which relief could be granted.[2] *Cooper* v. *County Board of Review, supra.*

Therefore, our next question to be considered is whether the trial court lacked jurisdiction over the subject matter.

IV. Did the trial court have jurisdiction over the subject matter? The thrust of the Board's motion to dismiss is that IC 1971, 18-7-5-87, *supra,* provides the sole and exclusive remedy for attacking the determination made by the Board. This statute provides:

> "53-783. Decision of board of zoning appeals—Review of certiorari—Petition to county courts by aggrieved—Change of venue from county precluded.—Every decision of the board of zoning appeals shall be subject to review by certiorari.
>
> "Any person or persons, firm or corporation jointly or severally aggrieved by any decision of the board of zoning appeals, may present to the circuit or superior court of the county in which the premises affected is located a petition duly verified, setting forth that such decision is illegal in whole or in part, and specifying the grounds of the illegality. The petition shall be presented to the court within thirty [30] days after the date of the decision and the order of the boards of zoning appeals complained of.

2. The appellant did raise the issue of *res judicata* from the Freckleton appeal in paragraph five of his motion to dismiss. If the trial court granted the motion to dismiss for this reason alone, it would have been treated as a Rule TR. 12(B)(6) motion. *Haydu* v. *City of Billings* (D.C. Mont. 1966), 258 F. Supp. 785; 348 *Bloomfield Avenue Corp.* v. *Montclair Mfg. Co.* (D.C. N.J. 1950), 90 F. Supp. 1020; 5 Wright & Miller, Federal Practice and Procedure; Civil § 1366, p. 683. However, we have no statement from the trial court of the reason for granting the motion to dismiss. Therefore, we must search for arguments of counsel to determine whether the trial court granted a TR. 12(B)(1) motion or a TR. 12(B)(6) motion. We find on page sixteen of the appellees' brief: "It has been the position of the Board throughout this litigation that the sole and exclusive remedy for challenging a specific decision of the Board is by a petition for writ of certiorari." We also note only a one paragraph reference, unsupported by authority, to the defense of *res judicata.* We must, therefore, conclude that the judgment was entered as a TR. 12(B)(1) motion.

"No change of venue from the county in which the premises affected is located shall be had in any cause arising under the provisions of this section."

Is the City an "aggrieved" party within the meaning of the statute? In a majority opinion written by Judge White, this Court examined the meaning of "aggrieved." *Metropolitan Dev. Comm'n. v. Cullison* (1972), 151 Ind. App. 48, 277 N. E. 2d 905.[3] Our opinion in *Metropolitan Dev. Comm'n. v. Cullison, supra,* discussed some of the authorities dealing with the word "aggrieved," 277 N. E. 2d at 906-908:

"The word 'aggrieved' is and has been used in our statutes for many years to describe persons or parties authorized by the statute to seek judicial review of decisions by boards and agencies of government . . . . One statute granting the right of appeal to the Supreme Court has also long given that right only to 'the party aggrieved'. It is an appeal pursuant to that statute which has provided us with our only comprehensive definition of 'aggrieved'. McFarland v. Pierce (1897), 151 Ind. 546, 548, 45 N. E. 706, said of that statute:

'The word "aggrieved" in the statute refers to a substantial grievance, a denial of some personal or property right, or the imposition upon a party of a burden or obligation.' People v. Kent, 4 N.Y. Wkly. Dig. 62; Reid v. Vanderheyden, 5 Cow. (N.Y.) 719; Steele v. White, 2 Paige, (N.Y.) 478; Colden v. Botts, 12 Wend. 234; Kelly v. Israel, 11 Paige, (N.Y.) 147; Card v. Bird, 10 Paige, (N.Y.) 426; Bush v. [Rochester, etc.] Bank, 48 N.Y. 659; Hall v. Brooks, 89 N.Y. 33; Grow v. Garlock, 29 Hun. 598; People v. Common Council of City of Troy, 82 N.Y. 575. 'To be "aggrieved" is to have a legal right, the infringement of which by the decree complained of will cause pecuniary injury.' Hewitt's Appeal, 58 Conn. [223]

---

3. While the opinion written by Judge White dealt with IC 1971, 18-7-2-76; Ind. Ann. Stat. § 53-974 (Burns 1964), which affects appeals primarily from Marion County, the only difference in wording in IC 1971, 18-7-2-76, *supra,* pertinent to this appeal, from IC 1971, 18-7-5-87, *supra,* is that in IC 1971, 18-7-2-76, *supra,* the statute reads: "any person aggrieved by a decision;" while in IC 1971, 18-7-5-87, *supra,* the statute reads: "any person or persons, firm or corporation jointly or severally aggrieved by any decision." The additional words: "or persons, firm or corporation" seem mere surplusage in IC 1971, 18-7-5-87, *supra,* since both Acts define "person" as: "individual, firm or corporation." See IC 1971, 18-7-2-3; Ind. Ann. Stat. § 53-903; and IC 1971, 18-7-5-3; Ind. Ann. Stat. § 53-703.

226, 20 A. 453; Dickerson's Appeal, 55 Conn. 223, 10 A. 194, and 15 A. 99; Andress v. Andress, 46 N.J.Eq. 528, 22 A. 124; Swackhamer v. Kline's Adm'r, 25 N.J.Eq. 503; Parker v. Reynolds, 32 N.J.Eq. [290] 293. 'The appellant must have a legal interest which will be enlarged or diminished by the result of the appeal. Woodward v. Spear, 10 Vt. 420; Hemmenway v. Corey, 16 Vt. 225; 2 Ency. Pl. & Prac., p. 170; Wiggin v. Swett, 6 Metc. 194; Lewis v. Bolitho, 6 Gray, 137; Lawless v. Reagan, 128 Mass. 592; Deering v. Adams, 34 Me. 41.'

"In Fidelity Trust Co. v. Downing (1946), 224 Ind. 457, 68 N. E. 2d 789, the Indiana Supreme Court considered the meaning of 'person aggrieved' as that term is used in section 4 of the 1921 Act. The situation in that case bears no analogy to the case at bar but the court did say 'that the term *person aggrieved* is not broad enough to include anyone other than the person directly affected by the action of an administrative official or the board . . . '

\* \* \* .

" . . . Either the grant or the denial of a variance may infringe upon the legal interests of persons directly affected. Such persons (remonstrators) may elect to assert such grievances by petitioning for certiorari or they may decide to abandon their right to litigate just as they may elect not to sue for redress of other civil wrongs suffered. When no person who is aggrieved by the variance chooses to seek review by certiorari, the public interest may suffer. It can therefore be persuasively argued that some public official or agency should be authorized to seek judicial review in such cases. But when the Legislature has not made that authorization, courts should not be asked to do so by changing the long established and generally understood meaning of 'aggrieved' in order to attain a result the Legislature has apparently decided is either unnecessary or undesirable."

We hold that the City's complaint did not demonstrate a personal or pecuniary interest which would qualify it as an "aggrieved" party within the meaning of the statute.

V. Was there a "justiciable issue" placed before the trial court? Inherent in the jurisdiction over the subject matter

attacked by the Board upon the City's complaint is the additional requirement that a litigant seeking declaratory relief must place before the court "a real controversy." *Zoercher* v. *Agler* (1930), 202 Ind. 214, 221, 172 N. E. 186, 172 N. E. 907; *Rauh* v. *Fletcher Savings & Trust Co.* (1935), 207 Ind. 638, 194 N. E. 334.

In *Rauh* v. *Fletcher Savings & Trust Co., supra*, 207 Ind. at 641, our Supreme Court stated:

> "The Constitution of Indiana does not define 'judicial power' and nowhere limits the functions of courts to hearing and deciding cases and controversies. Consequently our problem is not one of construing language but of determining whether a court is acting judicially in declaring 'rights, status and other legal relations' as authorized by the Uniform Declaratory Judgments Act. We think it is clear that under the Indiana Declaratory Judgments Act the cases which may be considered by the courts . . . [must] not [be] moot and . . . [must] not call for merely advisory opinions."

The next question is whether the City is seeking an advisory opinion.

> "[W]here the plaintiff has not a concrete legal interest sufficient to warrant an action or else the defendant has no tangible conflicting interest; . . . the court's judgment, if rendered, would not change or affect legal relations. These cases are not justiciable in character and are properly considered as seeking advice or an advisory opinion only. The line of distinction between . . . cases [seeking an advisory opinion] and appropriate actions for declaratory judgments is not always clearly perceived and sometimes not easy to define; but the difficulty arises not on the similarity between the advisory opinion and the declaratory judgment, but on the question whether the plaintiff and the defendant have a sufficient and adequately conflicting legal interest to justify the rendering of a judgment and whether the judgment applies to a concrete factual issue— in other words, whether there is a justiciable controversy." Edwin Borchard, *Declaratory Judgments* 75-76 (2d ed. 1941).

The next question is what are the characteristics of a "justiciable controversy"?

"The 'necessary features' of justiciability which afford the greatest difficulty in analysis are the requirements of 'interested' parties asserting 'adverse' claims.

\* \* \*

"To be 'interested,' some legal relation of the plaintiff must be capable of being affected by the decision; but besides that, the 'interest' must be 'substantial.'

\* \* \*

"[I]t still remains to determine whether the plaintiff has a sufficient interest, *pecuniary or personal*, to institute a proceeding worthy of judicial relief. He must show that his rights are in direct issue or jeopardy; and incidental thereto, must show that the facts are sufficiently complete, mature, proximate, and ripe to place him in gear with his adversary, and thus to warrant the grant of judicial relief." Edwin Borchard, *Declaratory Judgments* 36-50 (2d ed. 1941).

If the City could show that it has a direct personal interest in the ruling of the Board, it would have a sufficient "interest" to bring it within the provisions of the Declaratory Judgments Act since Rule TR. 57 now provides:

" . . . Declaratory relief shall be allowed even though a property right is not involved . . . ."

Even in this light, we must be mindful of *Fadell* v. *Kovacik* (1962), 242 Ind. 610, 615, 181 N. E. 2d 228, 230 wherein Chief Justice Arterburn, speaking for the Court, stated:

" . . . governmental instrumentalities, . . . [represent] the State without any *personal or private interests. . . ."* (Our emphasis.)

The City has failed to state facts from which even a reasonable inference can be drawn that the elements of a "justiciable issue" exist. The complaint does not show that some legal right, personal or pecuniary[4] to the City, has been

4. If the city were able to show a direct pecuniary interest capable of making them an "interested party" for the purposes of seeking declaratory judgment, they would then have a sufficient "interest" to entitle them to be an "aggrieved" person within the provisions of IC 1971, 18-7-5-87, *supra.* But see *Public Service Comm'n* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308.

put directly in jeopardy by the ruling of the Board. The complaint is requesting an advisory opinion. The failure of the City to place a "justiciable issue" before the trial court has also been held to be jurisdictional. *Reuter* v. *Cordes-Hendreks Coiffures, Inc.* (1967), Tex. Civ. App., 422 S. W. 2d 193.

The judgment of the trial court sustaining the Board of Zoning Appeals motion to dismiss should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 284 N. E. 2d 119.