**LIBERTY LANDOWNERS ASSOCIATION, INC., Appellant–Plaintiff,**

v.

**PORTER COUNTY COMMISSIONERS, Appellee– Defendant,**

and

**Northwest Indiana Health System, LLC, Appellee–Intervenor.**

No. 64A03–0905–CV–213.

Court of Appeals of Indiana.

Sept. 29, 2009.

Martin R. Lucas, North Judson, IN, Attorney for Appellant.

Myra Selby, Michael J. Lewinski, Abigail B. Cella, Ice Miller LLP, Indianapolis, IN, Attorneys for Appellee Northwest Health System, LLC.

Gwenn R. Rinkenberger, Valparaiso, IN, Attorney for Appellee Porter County Commissioners.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Liberty Landowners Association, Inc., (Liberty Landowners) appeals the trial court's order dismissing its complaint for declaratory judgment that it filed against the appellees-defendants Porter County Commissioners (Commissioners) regarding the decision to rezone certain real property in Porter County, which permitted appellee-intervenor Northwest Indiana Health System, LLC (Northwest Health) to construct a hospital on the property. Specifically, Liberty Landowners argues that the trial court erred in concluding that it lacked standing to proceed with the action. Concluding that the trial court properly dismissed Liberty Landowners's complaint, we affirm.

### FACTS

On November 7, 2007, Northwest Health filed an application with the Porter County Plan Commission (Plan Commission) requesting that the Porter County zoning map be amended so that certain land in Liberty Township could be converted from a "residential" zoning category to an "institutional" category. Appellant's App. p. 6. Northwest Health sought adoption of the rezoning ordinance for the purpose of constructing a hospital on the real estate.

Before the Commissioners acted upon Northwest Health's request, a public hearing was held on January 22, 2008, before the Plan Commission, where members of the public, including representatives of the Liberty Landowners, were afforded the opportunity to address concerns about the conversion.

Liberty Landowners is a voluntary not-for-profit community association that owns no property and pays no taxes. The organization incorporated in Indiana in 1983 with the stated purpose of protecting and preserving property, including its natural and aesthetic values. More specifically, the Articles of Incorporation provide that Liberty Landowners was formed in part:

> To constitute and perpetuate an organization of persons concerned with the protection and preservation of property (real and personal); to promote the preservation of the esthetic value of property (real and personal); to promote the preservation of the natural state of property (both real and personal) and to insure the orderly development of the same for the general public.

Appellant's App. p. 8, 29.

At the hearing, Liberty Landowners maintained that the conversion of the site from a residential district to an institutional district would be contrary to the compatible adjacent use specifications of the Porter County Unified Development Ordinances (UDO). However, one of the Commissioners maintained that the proposed facility would bring "more taxes and good jobs" to the community. *Id.* at 67.

The Commissioners approved the proposed zoning map amendment. As a result, the Commissioners adopted Ordinance 08–02 (hereinafter referred to as the rezoning ordinance), which changed the zoning classification of the subject real estate from a low density single family residential district to an institutional district.

Thereafter, Liberty Landowners filed a complaint for declaratory judgment against the Commissioners. Liberty Landowners alleged (1) that the adoption of the rezoning ordinance was "arbitrary and capricious because the Commissioners failed to reasonably consider the incompat-

ibility of an institutional zone adjacent to R–1 Zones under the terms of the UDO;" and (2) that "one of the Commissioner's votes was invalid due to a conflict of interest." *Id.* at 9–10.

At some point, Northwest Health intervened in the proceedings. Northwest Health and the Commissioners subsequently filed a motion to dismiss Liberty Landowners's complaint for lack of standing because Liberty Landowners does not own real estate within the requisite proximity to the rezoned tract. More particularly, it was alleged that

> [Liberty Landowners] does not own any property whatsoever, and cannot otherwise show, nor did it allege, that it has a personal legal interest affected by the Rezoning Ordinance and a pecuniary injury not common to the community as a whole. A desire to protect and preserve property in Liberty Township, Porter County, and even concerns regarding traffic or the environment, are not enough to confer standing.... Such concerns are not unique to [Liberty Landowners], and [Liberty Landowners] cannot show, nor did it allege, that it will suffer a special injury as a result of the Rezoning Ordinance.

*Id.* at 30 (internal citation omitted).

Following a hearing, the trial court determined that Liberty Landowners lacked standing to bring the action and granted the Commissioners' motion to dismiss on April 8, 2009. In relevant part, the trial court's order provided as follows:

> There being no dispute that [Liberty Landowners] owns no real estate in the vicinity of the subject Real Estate and there being no evidence presented to this Court that [Liberty Landowners] somehow suffered a pecuniary loss, this Court finds that [Liberty Landowners] lacks standing to bring this action....

*Id.* at 7. Liberty Landowners now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ The determination of whether a plaintiff's complaint should be dismissed for lack of standing is properly treated as a motion to dismiss under Indiana Trial Rule 12(B)(6)—the failure to state a claim upon which relief may be granted. *Common Council of Michigan City v. Bd. of Zoning Appeals of Michigan City*, 881 N.E.2d 1012, 1015 (Ind.Ct.App.2008). A successful 12(B)(6) motion requires the lack of standing to be apparent on the face of the complaint. *Huffman v. Ind. Office of Envtl. Adjudication*, 811 N.E.2d 806, 813 (Ind.2004). Additionally, the determination of whether a plaintiff's complaint should be dismissed for lack of standing pursuant to a Trial Rule 12(B)(6) motion is generally one of law. *Vectren Energy Mktg. & Serv. v. Executive Risk Specialty Ins. Co.*, 875 N.E.2d 774, 777 (Ind.Ct.App. 2007). We apply a de novo standard of review, and we need not accord deference to the trial court's decision. Reversal is appropriate if an error of law is demonstrated. *State ex rel Steinke v. Coriden*, 831 N.E.2d 751, 754 (Ind.Ct.App.2005).[1]

---

1. When, as here, affidavits or other materials are attached to the 12(B)(6) motion, it is treated as one for summary judgment pursuant to Trial Rule 56. *Thomas v. Blackford County Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 990 (Ind.2009). The granting of summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Morgan County Hosp. v. Upham*, 884 N.E.2d 275, 279 (Ind.Ct.App.2008), *trans. denied*. Liberty Landowners asserts—and we agree—that the distinction is academic here because the undisputed evidence establishes that Liberty Landowners owns no real estate.

## II. Liberty Landowners's Claims

As noted above, Liberty Landowners contends that the trial court erred in granting the Commissioners' motion to dismiss on the grounds that it lacked standing to maintain the action. More specifically, although Liberty Landowners acknowledges that it did not have standing as a private individual, the doctrine of "public standing" permits it proceed with its claims. Appellant's Br. p. 6–12.

In resolving this issue, we initially observe that when a zoning decision is challenged, the plaintiff seeking declaratory relief must show that his rights, status, or other legal relations will be directly affected by enforcement of the statutes in question. *Morris v. City of Evansville,* 180 Ind.App. 620, 626, 390 N.E.2d 184, 188 (1979).

Pursuant to our Declaratory Judgment Statute:

[A]ny person ... whose rights, status, or other legal relations are affected by a statute, [or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute, [or] ordinance.

Indiana Code § 34–14–1–2. In construing this statute, the term "affected" is used to assess a party's standing to assert his or her claims. *Reed v. Plan Comm'n of Town of Munster,* 810 N.E.2d 1126, 1127 (Ind.Ct.App.2004). Standing is a judicial doctrine that focuses on whether the complaining party is the proper party to invoke the trial court's jurisdiction. *Vectren Energy,* 875 N.E.2d at 777. Moreover, the doctrine constitutes a significant restraint upon the ability of Indiana courts to act because it denies courts any jurisdiction absent actual injury to a party participating in the case. *Jones v. Sullivan,* 703 N.E.2d 1102, 1106 (Ind.Ct.App.1998).

With regard to zoning cases, it is well settled that standing to challenge a rezoning ordinance requires a property right or some other personal right and a pecuniary injury not common to the community as a whole. *Common Council of Michigan City,* 881 N.E.2d at 1015–16. As our Supreme Court observed in *Bagnall v. Town of Beverly Shores,* 726 N.E.2d 782, 786 (Ind.2000):

A person must be "aggrieved" by a board of zoning appeals's decision in order to have standing to seek judicial review of that decision. Ind.Code § 36–7–4–1003(a); *see also Union Township Residents Ass'n v. Whitley County Redevelopment Comm'n,* 536 N.E.2d 1044 (Ind.Ct.App.1989). To be aggrieved, the petitioner must experience a "substantial grievance, a denial of some personal or property right or the imposition ... of a burden or obligation." *Id.* at 1045. The board of zoning appeals's decision must infringe upon a legal right of the petitioner that will be "enlarged or diminished by the result of the appeal" and the petitioner's resulting injury must be pecuniary in nature. *Id.* "[A] party seeking to petition for certiorari on behalf of a community must show some special injury other than that sustained by the community as a whole." *Robertson v. Board of Zoning Appeals, Town of Chesterton,* 699 N.E.2d 310, 315 (Ind.Ct.App.1998).

This court has consistently held that landowner associations lack standing to challenge zoning decisions. *See Robertson v. Bd. of Zoning Appeals,* 699 N.E.2d 310, 316 (Ind.Ct.App.1998) (holding that a landowners' association lacked standing to challenge a variance to build a grocery store on property zoned residential because the association did not own property near the sight of the variance and failed to prove that it had any personal legal interest affected by the variance); *Union Twp. Residents Ass'n, Inc. v. Whitley County Redevelopment Comm'n,* 536 N.E.2d 1044,

1045 (Ind.Ct.App.1989) (upholding the dismissal of a challenge to a redevelopment commission's approval of a redevelopment plan brought by a residents' association for lack of standing because the association owned no property and had no legal interest affected by the redevelopment commission's final action, and because the association failed to demonstrate that it suffered a recognizable legal injury). Moreover, our Supreme Court recently determined that a landowner whose property line was less than a mile from a proposed confined animal feeding operation, was not an "aggrieved party" within the meaning of *Bagnall*. Thus, the landowner lacked standing to challenge the Board of Zoning Appeals' ruling. *Thomas v. Blackford County Area Bd. of Zoning Appeals*, 907 N.E.2d 988, 991 (Ind.2009).

In an effort to distinguish the long line of precedent holding that residents' associations do not have standing to challenge zoning decisions, Liberty Landowners argues that its claim against the Commissioners survives in light of the "public standing doctrine," which is an exception to the general requirement that a plaintiff must have an interest in the outcome of the litigation different from that of the general public. *Embry v. O'Bannon*, 798 N.E.2d 157, 160 (Ind.2003).

Notwithstanding this contention, the Commissioners point out that Liberty Landowners did not raise the issue of public standing in the trial court.[2] Rather, it is apparent that Liberty Landowners sought to have the trial court reverse established precedent that landowner associations owning no real estate are without standing to challenge zoning decisions. Thus, Liberty Landowners has waived the issue. *See Van Meter v. Zimmer*, 697 N.E.2d 1281, 1283 (Ind.Ct.App.1998) (holding that a party may not advance a theory on appeal which was not originally raised at the trial court level).

Waiver notwithstanding, we note that the public standing doctrine or the availability of taxpayer or citizen standing is limited to extreme circumstances and should be applied with "cautious restraint." *State ex rel. Cittadine v. Ind. Dep't of Transp.*, 790 N.E.2d 978, 983 (Ind.2003). In *Cittadine*, our Supreme Court discussed the public standing doctrine and its decision in *Pence v. State*, 652 N.E.2d 486 (Ind.1995), as follows:

> Significantly, the majority opinion in *Pence* did not expressly discuss the public standing doctrine, but observed:
>
> While the availability of taxpayer or citizen standing may not be foreclosed in extreme circumstances, it is clear that such status will rarely be sufficient. For a private individual to invoke the exercise of judicial power, such person must ordinarily show that some direct injury has or will immediately be sustained.
>
> *Id.* ... This language clearly does not abrogate but rather acknowledges the public standing doctrine. We view application of the standing rule in Pence merely to express our exercise of judicial discretion with cautious restraint under the circumstances. We hold that *Pence* did not alter the public standing doctrine in Indiana.
>
> The public standing doctrine, which applies in cases where public rather than private rights are at issue and in cases which involve the enforcement of a public rather than a private right, continues to be a viable exception to the general standing requirement. The public standing doctrine permits the assertion of all proper legal challenges, including claims that government action is unconstitutional.

**2.** In fact, Liberty Landowners notes that "the phrase 'public standing' does not appear in [its] filings prior to the citation to additional authority." Appellant's Reply Br. p. 4.

However, persons availing themselves of the public standing doctrine nevertheless remain subject to various limitations.

Similarly, although the Indiana Declaratory Judgment Act expressly authorizes Indiana courts to "declare rights, status, and other legal relations whether or not further relief is or could be claimed," Ind.Code § 34–14–1–1, to the extent that persons claiming public standing may be seeking only declaratory relief, they must be persons "whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise...." I.C. § 34–14–1–2. *See Town of Munster v. Hluska,* 646 N.E.2d 1009, 1012 (Ind.Ct.App. 1995) ("In order to obtain declaratory relief, the person bringing the action must have a substantial present interest in the relief sought, not merely a theoretical question or controversy but a real or actual controversy,' or at least the 'ripening seeds of such a controversy,' and that a question has arisen affecting such right which ought to be decided in order to safeguard such right.") (quoting *Morris v. City of Evansville,* 180 Ind. App. 620, 622, 390 N.E.2d 184, 186 (1979)).

*Cittadine,* 790 N.E.2d at 984. Moreover, as our Supreme Court observed in *City of Hammond v. Bd. of Zoning Appeals:*

Where the plaintiff has not a concrete legal interest sufficient to warrant an action or else the defendant has no tangible conflicting interest; ... the court's judgment, if rendered, would not change or affect legal relations. These cases are not justiciable in character and are properly considered as seeking advice or an advisory opinion only.

152 Ind.App. 480, 490, 284 N.E.2d 119, 126 (1972). Indeed, even when public standing is asserted, claimants must still have some property right or some other personal right and a pecuniary interest. *Id.*

 As noted above, it is undisputed that Liberty Landowners owns no property and pays no taxes. Moreover, Liberty Landowners has no legal right—personal or pecuniary—that has been put in jeopardy by the Commissioners' decision. In other words, Liberty Landowners has not alleged any direct harm and has not been denied any rights. As a result, Liberty Landowners's claims fail.[3]

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and RILEY, J., concur.

**3.** As a final note, although Liberty Landowners also maintains that the case should not have been dismissed because the trial court did not address various constitutional claims that are presented in this appeal, the complaint for declaratory judgment raised no constitutional issues. Appellant's App. p. 8–10. While Liberty Landowners presented an "Overview of Relevant Constitutional Provisions" in its opposition to the Commissioners' motion to dismiss, appellant's app. p. 44, counsel for Liberty Landowners argued at the hearing on the motion to dismiss that the facts of this case are distinguishable from the

long line of cases holding that residents' associations lacked standing to challenge zoning decisions. In other words, Liberty Landowners confined its challenge at the trial court level to the propriety of the rezoning. Therefore, we cannot say that the trial court erred in failing to address the purported constitutional challenges. Moreover, Liberty Landowners has waived those claims on appeal. *See Haak v. State,* 695 N.E.2d 944, 947 (Ind. 1998) (observing that a party cannot assert grounds on appeal different from those argued to the trial court).