**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANTS:

**THOMAS G. BURROUGHS**
**MICHAEL W. HILE**
**OFFER KORIN**
**RONALD G. SENTMAN**
Katz & Korin
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**JUDY L. WOODS**
**STEPHANIE S. PENNINGER**
Benesch Friedlander Coplan & Aronoff LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILSLAND, LLC, LPM INVESTMENTS, LLC, PHILLIP D. MERVIS, LOUIS MERVIS, HENRY BILSLAND, JUSTIN BILSLAND, and BIOSAFE ENGINEERING, LLC, | ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 32A01-1106-PL-266 |
| BRADLEY D. CRAIN and RICHARD J. REDPATH, | ) ) ) | |
| Appellees-Defendants. | ) ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-1012-PL-39

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bilsland, LLC (Bilsland), LPM Investments, LLC (LPM), Phillip D. Mervis (Phillip), Louis Mervis (Louis), Henry Bilsland (Henry), Justin Bilsland (Justin), and BioSAFE Engineering, LLC (BioSAFE) (collectively, "Appellants") appeal the trial court's grant of an Indiana Trial Rule 12(B)(8) motion[1] by Bradley D. Crain (Crain) and Richard J. Redpath (Redpath) to dismiss Appellants' claim in Hendricks Superior Court. The Appellants also argue even if the motion to dismiss was properly granted, the trial court should not have dismissed the matter with prejudice. We affirm.

## FACTS AND PROCEDURAL HISTORY

Redpath was Vice President of Engineering of a company called Waste Reduction by Waste Reduction, Inc. (WR2) until that company went bankrupt and closed its doors in 2006. In January 2007, Crain and Redpath formed BioSAFE, a company "engaged in the sale, manufacturing, installation, and maintenance of equipment for the treatment and disposal of animal and human, medical and biological waste worldwide." (App. at 94.) In July 2007, Crain and Redpath, through BioSAFE wished to purchase the remaining WR2 assets at a bankruptcy court auction, but were unable to secure funding for that purchase through a bank loan.

Crain contacted Henry, a local investor, about investing in BioSAFE. Henry and his friend, Louis, both agreed to contribute money for the purchase of WR2's assets. In September 2007, BioSAFE purchased the WR2 assets at the bankruptcy auction. After

---

[1] A trial court may dismiss an action pursuant to T.R. 12(B)(8) if the same action is pending in another court.

providing funding for the purchase of the WR2 assets, Henry and Louis drafted an Investment Agreement and Employment Agreement, which all parties signed.

The terms of both Agreements are at issue in a pending Marion County action filed by Crain and Redpath (Marion County Action) but the parties agree Henry and Louis controlled BioSAFE through their companies Bilsland and LPM, respectively, and the Employment Agreement includes a non-compete clause. As part of the agreement, BioSAFE's Board of Directors would have three members chosen by Henry and Louis, and two members chosen by Crain and Redpath.

Friction arose amongst Henry, Louis, Crain, and Redpath. On June 14, 2010, BioSAFE's Board of Directors terminated Crain's and Redpath's employment with BioSAFE. In response, on September 16, Crain and Redpath filed the Marion County Action alleging breach of contract, breach of fiduciary duties, and unjust enrichment. They requested injunctive relief in the form of inspection of BioSAFE's records and reinstatement into their previous positions with BioSAFE, monetary damages, and attorneys' fees.

On December 20, Appellants filed their answer to the Marion County Action, and filed their own action in Hendricks County (Hendricks County Action). On January 20, 2011, Crain and Redpath filed a motion to dismiss the Hendricks County Action pursuant to Indiana Trial Rule 12(B)(8). After each side filed memoranda of law and response thereto, the trial court decided it did not need oral argument. On May 23, the Hendricks County court dismissed the Hendricks County Action with prejudice pursuant to T.R. 12(B)(8) because the

3

case was pending in another state court. Appellants filed a motion to reconsider, which the trial court denied.

## DISCUSSION AND DECISION

    1.    <u>Motion to Dismiss Pursuant to T.R. 12(B)(8)</u>

Indiana Trial Rule 12(B)(8) provides for dismissal of an action when "[t]he same action [is] pending in another state court of this state." As a general rule, when an action is pending in an Indiana court, all other Indiana courts must defer to that court's jurisdiction over the case. *Beatty v. Liberty Mut. Ins. Group*, 893 N.E.2d 1079, 1084 (Ind. Ct. App. 2008). We review *de novo* a trial court's dismissal of an action pursuant to T.R. 12(B)(8). *Id*.

In our review, we determine whether the parties, subject matter, and remedies are precisely or substantially the same. *Id*. We consider "not whether parts of one lawsuit are the same or similar to parts of the other, rather, each lawsuit as a whole should be examined." *In re Stephen L. Chapman Irrevocable Trust Agreement*, 953 N.E.2d 573, 578 (Ind. Ct. App. 2011). Whether two actions are the same "depends on whether the outcome of one action will affect the adjudication of the other." *Kentner v. Ind. Pub. Employers' Plan, Inc*., 852 N.E.2d 565, 570 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*.

The parties in the two actions are identical -- Bilsland, LPM, Phillip, Louis, Henry, Justin, and BioSAFE versus Crain and Redpath. Therefore, this supports a conclusion the actions are the same.

4

Appellants argue the subject matter of the two actions is different because the filings in the Marion County Action did not include a copy of the Investment Agreement, nor do any of the pleadings mention that agreement by name. Thus, Appellants claim, their Hendricks County Action, which filings included the Investment Agreement and which pleadings specifically allege Crain and Redpath fraudulently induced them to enter into the Investment Agreement, is an entirely separate action from the claims of Crain and Redpath in Marion County. We cannot agree.

When two claims in two different courts arise from the same series of transactions or occurrences, the actions are substantially the same for purposes of T.R. 12(B)(8). *See Beatty*, 893 N.E.2d at 1087 ("Although the allegations in the two courts are not identical . . . there is clear and substantial overlap in the subject matter."). In the Marion County Action, Redpath and Crain discuss events between 2007, when the parties contemplated and entered into the Investment and Employment Agreements that are the subjects of the Actions, and 2010, when Redpath and Crain were terminated from BioSAFE. Appellants' Hendricks County Action tracks the same timeframe and series of events, albeit from a different perspective. While both actions may have different allegations and theories for relief, the overarching subject matter – wrongdoing by one party against the other while the parties were in business together – is substantially the same.

Adjudication of the Marion County Action would affect adjudication of the Hendricks County Action. For example, if the Marion County Court were to find Appellants breached the Employment Agreement as Redpath and Crain alleged, then the Appellants' complaint

5

alleging Redpath and Crain breached the same Employment Agreement would be precluded by *res judicata*. Appellants note their Hendricks County Action includes allegations not addressed in the Marion County Action, and adjudication of those issues allegedly would not overlap. However, both actions involve the same parties, timeframe, and series of events. Even if their impact on one another is not evident at this stage of the proceedings, such overlap is likely.

Finally, the remedies requested are substantially similar. In the Marion County Action, Redpath and Crain asked for injunctive relief in the form of access to BioSAFE's company records and accountings and reinstatement of their ownership interests in BioSAFE; money damages; and attorneys' fees. The Hendricks County Action requests money damages and attorneys' fees. Although the two sets of remedies are not identical, they are substantially similar because they seek relief based on the same set of events and occurrences during the same time frame. It is possible the relief granted in one could preclude the adjudication of the other.

The parties, subject matter, and remedies requested in the Marion County Action and the Hendricks County Action are sufficiently similar to permit dismissal under T.R. 12(B)(8), and we accordingly affirm.

2. Dismissal with Prejudice

The Hendricks County Court dismissed the action with prejudice. Appellants argue the dismissal with prejudice is "conclusive of the rights of the parties and is *res judicata* as to any questions that might have been litigated." (Br. of Appellant at 25) (citing *Richter v.*

6

*Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002-03 (Ind. Ct. App. 2003), *trans. denied*). We disagree.

*Richter* does not control. In *Richter*, the trial court dismissed with prejudice on T.R. 12(B)(6) grounds. That precluded Richter from filing a Wrongful Death or Products Liability Action against Asbestos Insulating and Roofing for her husband's death because her husband, while alive, consented to dismissal with prejudice of any claims he developed lung cancer due to asbestos exposure. We affirmed the dismissal of Richter's claims because her husband's earlier consent to dismissal with prejudice of the subject matter was *res judicata*; thus, she was not able to state a claim against Asbestos Insulating and Roofing.

The Hendricks County Action was dismissed with prejudice pursuant to T.R. 12(B)(8), which bars a party from litigating the same issues in two separate courts. Thus, the Hendricks County court's dismissal was based on its lack of jurisdiction, not the merits of the case. In *City of Hammond v. Board of Zoning Appeals*, 152 Ind. App. 480, 486, 284 N.E.2d 119, 124 (1972), we held an attack on a court's jurisdiction is not a decision on the merits, but instead determines only whether the court may consider the claim. Thus, the dismissal of that claim with prejudice is not *res judicata* regarding the factual and legal merits of those claims.

The same rationale applies in the instant case. Crain and Redpath filed a motion to dismiss the Hendricks County Action based on T.R. 12(B)(8) because their Marion County Action included the same parties and substantially similar subject matter and remedies. The Hendricks County Court dismissed because the Marion County Action was still pending. This

is a jurisdictional decision, not one on the merits of the issues presented. Based on our holding in *City of Hammond*, 152 Ind. App. at 487, 284 N.E.2d at 124, it is not *res judicata* regarding the claims asserted. Therefore, dismissal with prejudice was proper.

## CONCLUSION

The trial court correctly dismissed the Hendricks County Action pursuant to T.R. 12(B)(8) because the Marion County Action involved the same parties and substantially similar subject matter and remedies. Dismissal with prejudice was not improper because the dismissal was based on jurisdiction, not on the merits. Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.