**Hiram I. COBB, Appellant,**

**v.**

**Norman G. OWENS, Dr. Norman J. Hunt, and Indiana Department of Corrections, Appellees.**

**No. 684S228PS.**

Supreme Court of Indiana.

April 30, 1986.

Hiram I. Cobb, pro se.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellees.

DeBRULER, Justice.

This is a civil action being brought by a prisoner *pro se*. The complaint alleges discrimination against prisoners serving life sentences in the parcelling out of various institutional benefits. On March 19, 1984, appellees through the Attorney General filed a motion to dismiss pursuant to T.R. 12(B)(6). On March 21, 1984, the trial court granted this motion and granted judgment for the defendants. Madison County was not the county of conviction.

Appellant filed a motion to correct errors in which he contended that the ruling on

the motion to dismiss was error, relying on two separate grounds, namely (1) that he had not been given an opportunity to argue before the ruling that the motion to dismiss was not well taken and that he had indeed stated a claim in his complaint, and (2) that he had not been advised of the criteria which a prisoner serving a life sentence must meet in order to be eligible for consideration for a transfer to a more desirable assignment or institution.

Initially, it must be noted that appellant's action is, in essence, one for injunctive or declaratory relief and that it does not fall within any of the jurisdictional categories set forth in Appellate Rule 4(A). As a result, this action falls under Appellate Rule 4(B), and it should have been filed in the Court of Appeals. However, we will exercise our discretionary authority, and we will decide the case on its merits. See *Hawkins v. Jenkins* (1978), 268 Ind. 137, 141, 374 N.E.2d 496, 499.

Appellant's contention that it was error to rule on the motion to dismiss before giving him an opportunity to respond is not sustained. The ruling was governed by T.R. 12 which states:

"When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

There is no requirement in the rule requiring the court to conduct a hearing or oral argument upon, or to receive a response to a motion to dismiss when the motion is addressed to the face of the complaint and not supported by matters outside the pleadings. Where as here, material has not been submitted in support of the motion, the motion should be granted if it is clear from the face of the complaint that under no circumstances could relief be granted. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604. Appellant has presented no authority supporting the proposition that a party should have access to the court before the ruling upon an opponent's motion to dismiss like the one here, and for the lack of same he must bear the risk. *Young v. Duckworth* (1979), 271 Ind. 554, 556, 394 N.E.2d 123, 125. The ruling upon the motion to dismiss was not erroneous on this ground.

Appellant next contends that the ruling was erroneous in that the complaint did allege a claim upon which relief could be granted namely that he had not been informed or notified of existing criteria applied by corrections officials in determining the eligibility of those serving life sentences for consideration as recipients of the various benefits. Construing this complaint liberally and taking as true the allegations contained in it, we find no such claim of discrimination based upon institutional action or inaction. There is no allegation of a failure to inform or notify of eligibility requirements. This appellate argument is not sustained.

Appellant finally raises several issues concerning the propriety of his sentence. The trial court did not have jurisdiction to consider these claims. These are post-conviction claims and should have been addressed to the court where appellant was convicted or sentenced. See PC 1 § 1(a)(3) and PC 1 § 1(c).

The judgment is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.