

**FILED**

Jul 12 2017, 8:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

James E. Saylor
Carlisle, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

I N  T H E

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James E. Saylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 12, 2017<br><br>Court of Appeals Case No.<br>39A01-1701-MI-90<br><br>Appeal from the Jefferson Circuit Court<br><br>The Honorable W. G. Coy, Special Judge<br><br>Trial Court Cause No.<br>39C01-1609-MI-700 |

**Najam, Judge.**

## Statement of the Case

[1] James E. Saylor appeals the trial court's order granting the State's Motion for Judgment on the Pleadings. He raises two issues on appeal, which we

consolidate and restate as whether the trial court erred when it granted the State's motion for judgment on the pleadings. We affirm.

## Facts and Procedural History

[2] In 2007, a jury found Saylor guilty of two counts of Class A felony child molesting, one count of Class B felony vicarious sexual gratification, and one count of Class D felony intimidation. Saylor also pleaded guilty to a habitual offender charge. Saylor was sentenced to an aggregate term of 138 years, which included a thirty-year term for the habitual offender enhancement. His conviction and sentence were affirmed on direct appeal. *Saylor v. State*, No. 39A01-0712-CR-574, 2008 WL 4233304 (Ind. Ct. App. Sept. 17, 2008), *trans. denied* ("*Saylor I*").

[3] In 2014, Saylor filed for post-conviction relief, which the post-conviction court denied. This Court affirmed the post-conviction court on all counts except for Saylor's habitual offender adjudication, finding that Saylor did not personally waive his right to a jury trial on that count. *Saylor v. State*, 55 N.E.3d 354, 357-58 (Ind. Ct. App. 2016) ("*Saylor II*"). This Court vacated Saylor's habitual offender adjudication and remanded for a new trial on that charge but affirmed his convictions on all other charges. *Id*.

[4] On September 13, 2016, Saylor filed a Petition for Declaratory Judgment challenging the existence of probable cause for his initial arrest. Saylor sought a declaratory judgment order "stating that, absent a valid showing of probable cause[] pursuant to I.C. § 35-33-7(2)(b), [he] had a right to immediate release."

Appellee's App. at 4.  The State moved for judgment on the pleadings and the trial court granted the State's motion.[1]  This appeal ensued.

## Discussion and Decision

[5]  Our Supreme Court recently discussed our standard of review of a judgment on the pleadings:

> A motion for judgment on the pleadings under Trial Rule 12(C) tests the sufficiency of a claim or defense presented in the pleadings and should be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted."  *Veolia Water Indianapolis, LLC v. National Trust Ins. Co.*, 3 N.E.3d 1, 5 (Ind. 2014) (quoting *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010)).  Because we "base our ruling solely on the pleadings", *id.*[,] "we accept as true the material facts alleged in the complaint[.]"  *Id.*  When, as here, a 12(C) motion essentially argues the complaint fails to state a claim upon which relief can be granted, we treat it as a 12(B)(6) motion.  *Gregory & Appel, Inc. v. Duck*, 459 N.E.2d 46, 49 (Ind. Ct. App. 1984).  Like a trial court's 12(B)(6) ruling, we review a 12(C) ruling de novo.  *Veolia Water*, 3 N.E.3d at 5.

*KS&E Sports v. Runnels*, 72 N.E.3d 892, 898 (Ind. 2017).

[6]  As an initial matter, Saylor contends that the trial court erred by granting the motion for judgment on the pleadings without first holding an evidentiary hearing.  However, "[w]hen we consider a motion for judgment on the

---

[1]  Although Saylor would have been entitled under Indiana Trial Rule 12(C) and (B) to correct his complaint by amendment within ten days after service of the court's order granting judgment on the pleadings, Saylor did not do so.

pleadings, we deem the moving party to have admitted all facts well-pleaded and the untruth of [its] own allegations that have been denied." *Midwest Psychological Center, Inc. v. Ind. Dept. of Admin.*, 959 N.E.2d 896, 902 (Ind. Ct. App. 2011) (internal quotations and citations omitted), *trans. denied*. Moreover, all reasonable inferences are drawn in favor of the nonmoving party and against the movant. *Id.* Under such circumstances, no evidentiary hearing is required. As our supreme court stated in *Cobb v. Owen*, 492 N.E.2d 19, 20 (Ind. 1986) (citation omitted):

> There is no requirement in the [12(B)(6)] rule requiring the court to conduct a hearing or oral argument upon, or to receive a response to[,] a motion to dismiss when the motion is addressed to the face of the complaint and not supported by matters outside the pleadings. Where[,] as here, material has not been submitted in support of the motion, the motion should be granted if it is clear from the face of the complaint that under no circumstances could relief be granted.

[7] Here, the State moved for judgment on the pleadings without reference to any matters outside the pleadings. Therefore, we accept as true the material facts alleged in the complaint, and we treat the State's Rule 12(C) motion as a Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[2] *KS&E Sports*, 72 N.E.3d at 898. We look only at the face of the

---

[2] Thus, Saylor is incorrect when he contends that the State's motion should have been treated like a summary judgment motion under Indiana Trial Rule 56(a). That trial rule only applies where a motion for judgment on the pleadings refers to matters outside the pleadings. Ind. Trial Rule 12(C).

complaint. *Cobb*, 492 N.E.2d at 20. Thus, the trial court did not err in ruling on the State's Rule 12(C) motion without an evidentiary hearing. *Cobb*, 492 N.E.2d at 20.

[8] Next, Saylor attacks the merits of the trial court's order granting the State's motion for judgment on the pleadings. We find no error in that order. It is clear from the face of Saylor's complaint that under no circumstances could the relief he sought be granted.

[9] Saylor's complaint sought declarations as to what his "rights" were under various statutory and constitutional provisions, including a declaration that, "absent a valid showing of probable cause . . . , [Saylor] had a right to immediate release." Appellee's App. at 3-6. Indiana's Uniform Declaratory Judgment Act is intended to provide an adequate and complete remedy where none before had existed. Ind. Code §§ 34-14-1-1 to -16 (2016); *Tramill v. Anonymous Healthcare Provider*, 37 N.E.3d 553, 557 (Ind. Ct. App. 2015), *trans. denied*. "The primary purpose of declaratory relief is to permit a plaintiff to obtain a declaration of its rights and liabilities before proceeding with a course of conduct for which it might be held liable, not to declare nonliability for past conduct." *Mid-Century Ins. Co. v. Estate of Morris ex rel. Morris*, 966 N.E.2d 681, 688 (Ind. Ct. App. 2012), *trans. denied*.

[10] Relief under the declaratory judgment statute cannot be had where another established remedy is available.

> The declaratory judgment statute was not intended to eliminate well-known causes of action nor to substitute an appellate court for a tribunal of original jurisdiction, where the issues are ripe for litigation through the usual processes. *Brindley et al. v. Meara et al.*, (1935) 209 Ind. 144, 198 N.E. 301. Such statute was intended to furnish a full and adequate remedy where none existed before and it should not be resorted to where there is no necessity for such a judgment. *Rainwater v. Merriman*, (1957) 127 Ind. App. 520, 142 N.E.2d 467; *Bryarly v. State*, (1953) 232 Ind. 47, 111 N.E.2d 277. The use of a declaratory judgment is discretionary with the court and is usually *unnecessary where a full and adequate remedy is already provided by another form of action. Brindley*, *supra*.

*Volkswagenwerk, A.G. v. Watson,* 390 N.E.2d 1082, 1085 (Ind. Ct. App. 1979) (emphasis added). "The test to determine the propriety of declaratory relief is whether the issuance of a declaratory judgment will effectively solve the problem involved, whether it will serve a useful purpose, and *whether or not another remedy is more effective or efficient*." *Tramill*, 37 N.E.3d at 557 (emphasis added) (internal quotations and citations omitted). "The determinative factor of this test is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy." *Hood's Gardens, Inc. v. Young*, 976 N.E.2d 80, 84 (Ind. Ct. App. 2012).

[11] Here, Saylor has already challenged his convictions and lost those challenges both on direct appeal and in post-conviction proceedings. *Saylor I*, 2008 WL 4233304; *Saylor II*, 55 N.E.3d at 358. Any further challenge to the judgment in his criminal case must be taken through a successive petition for post-conviction relief. Ind. Post-Conviction Rule 1(12). In order to file such a successive petition, Saylor must first obtain authorization from this court. *Id.* Saylor has

not sought or obtained authorization to file the current matter as a successive petition for post-conviction relief. Rather, by filing a Petition for Declaratory Judgment, he is attempting to circumvent Indiana's established procedures for challenging criminal convictions. The trial court did not err when it refused to allow him to do so.

[12] Saylor contends on appeal that he is only seeking a declaration of his rights, not challenging his convictions. First, Saylor clearly was challenging his conviction when he asked the trial court for a declaration that, "absent a valid showing of probable cause . . . , [Saylor] had a right to immediate release." Appellee's App. at 3-6. Second, even if Saylor were only seeking a "clarification of the law," under which he was convicted, Appellant's Br. at 16, it would still be clear from the face of his complaint that under no circumstances could he be granted relief. Under the Uniform Declaratory Judgments Act, "'cases which may be considered by the courts . . . [must] not [be] moot and . . . [must] not call for merely advisory opinions.'" *City of Hammond v. Board of Zoning Appeals*, 284 N.E.2d 119, 126 (Ind. Ct. App. 1972) (quoting *Rauh v. Fletcher Savings & Trust Co.*, 194 N.E. 334, 336 (Ind. 1935)). An opinion is "advisory" when it "would not change or affect legal relations" between the parties. *Id*. Such cases are generally not justiciable. *Id*.

[13] Here, even if Saylor had only sought declarations "clarifying the law," and the trial court had granted him such declarations, that remedy would not have changed or affected his convictions. Rather, the declarations would have been only an advisory opinion, with no effect on Saylor's legal position. *Id*.

Therefore, to the extent Saylor sought only "clarifications of the law" under which he was convicted, his claims were not justiciable.[3] The trial court did not err in granting the State's motion for judgment on the pleadings.

[14] Affirmed.

Riley, J., and Bradford, J., concur.

---

[3] For that reason, we do not address the numerous substantive issues Saylor raised in relation to his petition for declaratory judgment.