## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2019, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles Edward Sweeney, Jr.
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Edward Sweeney, Jr.,
*Appellant-Plaintiff,*

v.

Curtis T. Hill Jr., et al.,
*Appellee-Defendant.*

May 8, 2019

Court of Appeals Case No.
18A-PL-2593

Appeal from the
Sullivan Circuit Court

The Honorable
Robert E. Hunley, II, Judge

Trial Court Cause No.
77C01-1808-PL-436

**Kirsch, Judge.**

[1] Charles Edward Sweeney, Jr. ("Sweeney") appeals from the trial court's order dismissing his action against Curtis T. Hill, Jr., et al. ("the State") for

declaratory judgment. He raises the following restated issue for our review: whether the trial court erred in granting the State's motion to dismiss his declaratory judgment action for failure to state a claim.

We affirm.

## Facts and Procedural History

Sweeney was found guilty of murder in November 1995 and was sentenced to sixty years in the Indiana Department of Correction. *Sweeney v. State*, 704 N.E.2d 86, 91 (Ind. 1998), *cert. denied*, 527 U.S. 1035 (1999). Sweeney filed a direct appeal with the Indiana Supreme Court, which had jurisdiction due to the length of his sentence, and the Supreme Court affirmed both his conviction and sentence in 1998. *Id*. at 112. Sweeney filed a petition for writ of habeas corpus, which was denied by the district court in 2001, and that denial was affirmed by the Seventh Circuit. *Sweeney v. Carter*, 361 F.3d 327, 334 (7th Cir. 2004), *cert. denied*, 543 U.S. 1020 (2004). Sweeney later pursued a petition for post-conviction relief, which was denied by the post-conviction court. *Sweeney v. State*, 886 N.E.2d 1, 6 (Ind. Ct. App. 2008), *trans. denied*, *cert. denied*, 555 U.S. 1003 (2008). Sweeney appealed the denial of his petition for post-conviction relief, and this court affirmed the denial. *Id*. at 10. In each of these appeals, Sweeney has argued ineffective assistance of counsel, and in each case, his contentions have failed for various reasons.

Sweeney has also filed multiple other motions and pleadings in various venues and jurisdictions. The United States Supreme Court, in its order denying

Sweeney's motion to proceed *in forma pauperis* and his petition for writ of habeas corpus, stated that Sweeney "has repeatedly abused [that] Court's process" and directed the clerk of that court to not accept any petitions from Sweeney in any non-criminal matters unless the docketing fee is paid and the petition is submitted in compliance with United States Supreme Court rules. *In re Sweeney*, 134 S. Ct. 2690 (2014).

[5] In *Sweeney v. State*, case number 10A01-1308-SP-367, Sweeney sought leave to file a successive petition for post-conviction relief, which was denied by this court. In *Sweeney v. State*, case number 10A01-1503-CR-121, Sweeney appealed the denial of a Trial Rule 60(B) motion, and the State moved for dismissal on grounds that the action was not a proper avenue to attack a criminal conviction. In *Sweeney v. State*, case number 10A01-1405-SP-199, Sweeney again sought leave to file a successive petition for post-conviction relief, which was denied by this court. Sweeney again sought leave to file successive petitions for post-conviction relief in *Sweeney v. State*, case number 10A05-1507-SP-975, and in *Sweeney v. State*, case number 10A05-1511-SP-2037, which were both denied.

[6] On August 21, 2018, Sweeney filed a motion for declaratory judgment in the Sullivan Circuit Court, in which he requested a declaratory judgment that the holding in *Jewell v. State*, 957 N.E.2d 625, 635 (Ind. 2011) had retroactive effect and allowed him to file a successive petition for post-conviction relief. *Appellant's App.* at 176-82. On September 21, 2018, the State filed a motion to dismiss for failure to state a claim pursuant to Indiana Trial Rule 12(B)(6). *Id.* at 30-39. The trial court issued its order dismissing Sweeney's action with

prejudice on October 10, 2018. *Id*. at 20. In the order, the trial court stated that Sweeney's action "is a prohibited attempt to circumvent the established post-conviction procedure by an action for a declaratory judgment and is, therefore, not justiciable." *Id*. Sweeney now appeals.

## Discussion and Decision

[7] A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the supporting facts. *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (citing *Kitchell v. Franklin*, 997 N.E.2d 1020, 1025 (Ind. 2013)). When ruling on a motion to dismiss, we view the pleadings in the light most favorable to the non-moving party and draw every reasonable inference in favor of that party. *Id.* We review a trial court's grant or denial of a Trial Rule 12(B)(6) motion *de novo. Id.* "We will not affirm such a dismissal 'unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances.'" *Id.* (quoting *City of E. Chicago, Ind. v. E. Chicago Second Century, Inc.,* 908 N.E.2d 611, 617 (Ind. 2009) (internal quotation omitted)). In making this determination, we look only to the complaint and may not resort to any other evidence in the record. *Chenore v. Plantz*, 56 N.E.3d 123, 126 (Ind. Ct. App. 2016).

[8] In ruling on a Trial Rule 12(B)(6) motion to dismiss, the trial court "may look only at the pleadings, with all well-pleaded material facts alleged in the complaint taken as admitted, supplemented by any facts of which the court can take judicial notice." *Davis ex rel. Davis v. Ford Motor Co.*, 747 N.E.2d 1146,

1149 (Ind. Ct. App. 2001) (citing *Anderson v. Anderson*, 399 N.E.2d 391, 406 (Ind. Ct. App. 1979)), *trans. denied.* Pursuant to Indiana Evidence Rule 201(d), the "court may take judicial notice at any stage of the proceeding." A court may take judicial notice of "records of a court of this state." Ind. Evidence Rule 201(b)(5).

[9] Sweeney takes issue with the State's inclusion in its motion to dismiss of prior pleadings and actions Sweeney has filed in which he raised the exact, or basically the same, claim as that raised in the present case. However, such pleadings and actions are obtainable from Odyssey, the statewide electronic case management system. In *Horton v. State*, 51 N.E.3d 1154, 1160-61 (Ind. 2016), our Supreme Court observed that Evidence Rule 201(b)(5) "now permits courts to take judicial notice of 'records of a court of this state'" and that such records are presumptively sources of facts "that cannot reasonably be questioned." Therefore, the trial court could take judicial notice of the pleadings and actions included by the State and such judicially noticed pleadings and actions could be reviewed in ruling on the motion to dismiss. *Davis*, 747 N.E.2d at 1149.

[10] Sweeney argues that the trial court erred in dismissing his motion for declaratory judgment for failure to state a claim. He contends that his declaratory judgment action is not a collateral attack on his conviction and should not have been dismissed. He asserts that his motion for declaratory judgment is a request to determine whether *Jewell v. State*, 957 N.E.2d 625, 635

(Ind. 2011) has retroactive effect and allows him to file a successive petition for post-conviction relief. *Appellant's App.* at 176-82.

[11]    In *Saylor v. State*, 81 N.E.3d 228 (Ind. Ct. App. 2017), *trans. denied*, a panel of this court concluded that the State was entitled to judgment on the pleadings where the defendant brought an action for declaratory relief, which actually repeated past arguments raised in previous attacks on his conviction, because the defendant's action constituted a collateral and non-justiciable attack on his conviction. *Id*. at 232. In *Saylor*, the defendant had previously challenged his convictions and lost on both direct appeal and in post-conviction proceedings, and, therefore, his only avenue to seek relief was through a successive petition for post-conviction relief. *Id*. Although the defendant claimed that he was only seeking a declaration of his rights and not challenging his convictions, this court found that he was, in fact, attempting to challenge his convictions, and even if he was merely seeking a clarification of the law, he could not be granted relief from such a clarification because it would not have affected his convictions and would have been only an advisory opinion, which does not address a justiciable claim. *Id*.

[12]    Here, Sweeney is attempting to do the same thing that the defendant in *Saylor* attempted. Sweeney is using a motion for declaratory judgment to again attempt to challenge his murder conviction by raising his past arguments again. In his past appeals and attempts to obtain permission to file successive petitions for post-conviction relief, Sweeney has repeatedly raised issues regarding ineffective assistance of counsel. His motion for declaratory judgment,

although phrased as a request that this court declare that *Jewell* has retroactive effect, is again an attempt to challenge his conviction with a claim of ineffective assistance of counsel. *Appellant's App*. at 176-82. In its motion to dismiss, the State correctly alerted the trial court to the prior actions Sweeney had filed and correctly sought judicial notice of the actions. We conclude that, as in *Saylor*, Sweeney's claim is seeking a declaration clarifying the law, which is merely advisory and would not change or affect his conviction. "An opinion is 'advisory' when it 'would not change or affect legal relations' between the parties." *Saylor*, 81 N.E.2d at 232. Such cases are generally not justiciable. *Id*. We, therefore, conclude that the trial court properly found Sweeney's action to be non-justiciable. The trial court did not err in granting the State's motion to dismiss Sweeney's action for failure to state a claim.

[13] Affirmed.

Bradford, J., and Altice, J., concur.