

FILED

Apr 19 2023, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle C. Harter
Lekse Harter, LLC
Greenwood, Indiana

*AMICUS CURIAE PRO SE* CURT NISLY

Curt Nisly
Milford, Indiana

ATTORNEYS FOR APPELLEES

Theodore E. Rokita
Attorney General of Indiana

Frances Barrow
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Charles Bookwalter, | April 19, 2023 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 22A-PL-1981 |
| v. | Appeal from the Marion Superior Court |
| Indiana Election Commission, Gregory L. Irby, and Cody Eckert, | The Hon. Cynthia J. Ayers, Judge |
| *Appellees-Respondents.* | Trial Court Cause No. 49D04-2203-PL-8226 |

**Opinion by Judge Bradford.**
**Judges May and Mathias concur.**

**Bradford, Judge.**

## Case Summary[1]

Indiana law requires a person declaring candidacy for a party's primary election to confirm that the person is, in fact, affiliated with the party. Pursuant to Indiana Code section 3-8-2-7 ("the Statute"), a would-be primary candidate can make this showing by voting for the party in the two most recent primary elections in which he voted, Ind. Code § 3-8-2-7(a)(4)(A), or by obtaining certification of affiliation with the party from the party's county chairperson. Ind. Code § 3-8-2-7(a)(4)(B). After failing to establish party affiliation to run for United States Representative in the May of 2022 Republican Party's primary election by either method provided by the Statute, Thomas Bookwalter brought a combined suit for judicial review under the Administrative Orders and Procedures Act ("AOPA") and for declaratory and injunctive relief. The trial court dismissed Bookwalter's suit. Bookwalter contends that the trial court erred in dismissing his AOPA suit on the ground that he did not file the agency record on time, his claims for declaratory and injunctive relief on the ground that they are moot, and his constitutional challenges to the Statute on the ground that they lack merit. Because we conclude that Bookwalter has failed to preserve his AOPA suit for appellate review and that his other claims are moot, we affirm.

---

[1] We held oral argument in this matter on March 30, 2023. We commend counsel for the high quality of their presentations. We also thank *amicus* Curt Nisly for helpful briefing in this matter. Finally, we thank those in attendance for their interest.

## Facts and Procedural History

[2] On January 6, 2022, Bookwalter submitted to the Indiana Election Division form CAN-2, declaration of candidacy for primary nomination in 2022, seeking placement on the primary ballot of the Republican Party for the office of United States Representative. The Statute provides, in part, as follows:

> (4) A statement of the candidate's party affiliation. For purposes of this subdivision, a candidate is considered to be affiliated with a political party only if any of the following applies:
>
>> (A) The two (2) most recent primary elections in Indiana in which the candidate voted were primary elections held by the party with which the candidate claims affiliation. If the candidate cast a nonpartisan ballot at an election held at the most recent primary election in which the candidate voted, a certification by the county chairman under clause (B) is required.
>>
>> (B) The county chairman of:
>>
>>> (i) the political party with which the candidate claims affiliation; and
>>>
>>> (ii) the county in which the candidate resides;
>>
>> certifies that the candidate is a member of the political party.

Ind. Code § 3-8-2-7(a)(4). A candidate may indicate on the CAN-2 form that he meets either the party affiliation voting requirement or has obtained certification from the county chair affirming membership in the party. Bookwalter checked neither box on the form he submitted to the Indiana Election Division.

[3] On February 8, 2022, Gregory Irby filed a CAN-1 form with the Indiana Election Commission ("the Commission") (which is a challenge to a candidate

filing) on the basis that Bookwalter "[d]id not vote in 2 Republican Primaries. No approval from Chair." Appellant's App. Vol. II p. 51. Cody Eckert also filed a CAN-1 form two days later, asserting that Bookwalter had filed an incomplete CAN-2. "More specifically, this individual left question 3 on the form blank. It is also known, this individual has not voted in 2 republican primaries as required." Appellant's App. Vol. II p. 56.

[4] On February 18, 2022, the Commission conducted a hearing and heard testimony on the challenges to Bookwalter's candidacy. Bookwalter testified that he had not voted in the 2020 Republican primary because the party candidates had run unopposed. Bookwalter also testified that the county chair had "refused to certify that I'm a party member despite my having provided her with an affidavit detailing my lifelong support for the party and of living its best core values." Appellant's App. Vol. II p. 69. Bookwalter argued that the Statute is unconstitutional, asking that the Commission refrain from enforcing the Statute and deny the challenges to his candidacy. The Commission voted unanimously to uphold the challenges to Bookwalter's candidacy.

[5] On March 14, 2022, or twenty-four days after the Commission's decision, Bookwalter petitioned for judicial review, filed a complaint for declaratory and injunctive relief, and petitioned for an emergency stay. Bookwalter's petition for judicial review asked the trial court to reverse the Commission's decision and restore his name to the ballot. Bookwalter argued that the Statute violated his right to freedom of association under the First and Fourteenth Amendments, is vague and overbroad, and is an invalid *ex post facto* law as

applied to him. The petition for stay asked the trial court to stay the Commission's ruling and restore his name to the ballot.

[6] The trial court denied the petition for stay on April 1, 2022. The trial court observed that March 14, 2022, the date on which Bookwalter had filed his petition for judicial review, was also the statutory deadline for counties to receive delivery of printed absentee ballots, and March 19, 2022, was the statutory deadline for counties to begin mailing absentee ballots to eligible voters. "Ballots have already been mailed and some voters have returned their ballots and have designated their candidate choices." Appellant's App. Vol. II p. 13. The trial court found that "Bookwalter effectively acceded to the printing and mailing of ballots without his name included as a candidate." Appellant's App. Vol. II p. 13.

[7] On April 27, 2022, Bookwalter filed a motion to certify the April 1, 2022, denial of his petition for a stay for interlocutory appeal. The primary election was conducted on May 3, 2022. The Commission moved to dismiss on May 11, 2022, arguing that Bookwalter had not filed the agency record as required by AOPA and, because the May of 2022 primary election had concluded, his complaint for declaratory and injunctive relief was moot. Following a hearing, the trial court declined to certify the denial of Bookwalter's petition for a stay for interlocutory appeal.

[8] On August 8, 2022, the trial court granted the Commission's motion to dismiss. The trial court determined that Bookwalter had not timely filed the official certified agency record, thereby mandating dismissal of his AOPA complaint.

The trial court also concluded that Bookwalter's complaint for declaratory and injunctive relief was moot because the May of 2022 primary election had concluded, meaning that any decision by the trial court on his constitutional claims "would be an impermissible advisory opinion." Appellant's App. Vol. II p. 24.

## Discussion and Decision

[9]     At the outset, it should be noted that, pursuant to the doctrine of constitutional avoidance, this court avoids addressing the constitutionality of a statute when another avenue is available. *Ind. Wholesale Wine & Liquor Co., Inc. v. State ex rel. Ind. Alcoholic Beverage Comm'n*, 695 N.E.2d 99, 108 (Ind. 1998). This "policy of judicial restraint" stems from our tripartite system of government. *Id*. at 107. As the Indiana Supreme Court has explained:

> On occasion, to perform properly its constitutional function, a court must address and resolve the constitutionality of a legislative enactment. But when it does so, it is an exercise of the power to decide the case before it. To do so when not required to decide the case can impinge upon the law-making function which separation of powers reserves for the legislature.

*Id*. Put differently: "[I]t is a cardinal principle of the judicial function that we will pass upon the constitutionality of a coordinate branch's action only when it is absolutely necessary[.]" *Snyder v. King*, 958 N.E.2d 764, 786 (Ind. 2011) (emphasis omitted).

[10]    With this in mind, we turn to Bookwalter's argument that the trial court erred in granting the Commission's motion to dismiss. We review a trial court's

ruling on a motion to dismiss for failure to state a claim *de novo*. *Charter One Mortg. Corp. v. Condra*, 865 N.E.2d 602, 604 (Ind. 2007). "A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the claims, not the facts supporting it." *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (citing *Kitchell v. Franklin*, 997 N.E.2d 1020, 1025 (Ind. 2013)).

## I.    Bookwalter's AOPA Claim

[11]    Bookwalter filed his petition on March 14, 2022, and had thirty days within which to file the agency record or request an extension of time to do so. Ind. Code § 4-21.5-5-13. It is undisputed that Bookwalter did not file the agency record by the April 13, 2022, deadline or at any time thereafter. The Commission argues that the trial court properly dismissed Bookwalter's petition for judicial review on this basis, while Bookwalter argues that, pursuant to relevant Indiana Supreme Court precedent, dismissal of a petition for judicial review for failure to file the agency record is not appropriate when the facts are undisputed.

[12]    Indiana Code section 4-21.5-5-13 requires that a petitioner for judicial review "shall transmit to the court the original or a certified copy of the agency record for judicial review of the agency action" and further provides that "[f]ailure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition for review by the court." The Indiana Supreme Court has interpreted these provisions as requiring dismissal of a petition for judicial review where the

petitioner fails to file the agency record or request an extension in a timely manner. *Teaching Our Posterity Success, Inc. v. Ind. Dept. of Educ. and State Bd. of Educ.* (*TOPS*), 20 N.E.3d 149, 155 (Ind. 2014); *see also First Am. Title Ins. v. Robertson*, 19 N.E.3d 757, 762–63 (Ind. 2014) (relying on *TOPS*). In *TOPS*, the Indiana Supreme Court held that "a petitioner for review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." 20 N.E.3d at 155; *see also First Am. Title Ins.*, 19 N.E.3d at 761–63 (concluding that the trial court had erred in not dismissing petition for judicial review where petitioner had failed to file the agency record within thirty days of filing the petition).

[13] Bookwalter argues that his case falls under what he refers to as the "*Meyer* exception," while the Commission argues that *TOPS* does not allow for any exceptions to the filing rule and that the Court was merely noting that *Indiana Family and Social Services Administration v. Meyer*, 927 N.E.2d 367 (Ind. 2010), had presented "extremely narrow" circumstances under which a failure to file the agency record had been excusable in that case. We need not determine whether *TOPS* allows for a *Meyer* exception, however, as the facts of that case are easily distinguished.

[14] The *Meyer* exception—even if we assume that *TOPS* recognizes one—only seems to apply when a factual issue is dispositive of the case and the respondent on judicial review concedes its error. Neither of those circumstances are present here. The arithmetic error in the agency decision in *Meyer* was a factual error that resulted in denial of a Medicaid application based solely on

the value of the applicant's resources. Bookwalter does not identify any factual error in the Commission's decision that affected the outcome of the case. Rather, Bookwalter's case before the Commission and on judicial review rested on his argument that the Statute was unconstitutional, which the Commission has never conceded. The trial court correctly dismissed Bookwalter's AOPA claim.

## II. Mootness

[15] Bookwalter argues that the public-importance exception to the mootness doctrine renders his appeal justiciable, while the State argues that he has failed to establish justiciability. A case is moot "when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered." *Liddle v. Clark*, 107 N.E.3d 478, 481 (Ind. Ct. App. 2018) (citing *Save Our Sch. v. Ft. Wayne Cmty. Schs.*, 951 N.E.2d 244 (Ind. Ct. App. 2011), *trans. denied*), *trans. denied*. Specifically, a request for injunctive relief is moot when no relief is possible or if the relief sought has already occurred. *See, e.g.*, *Medley v. Lemmon*, 994 N.E.2d 1177, 1183 (Ind. Ct. App. 2013) (request for injunctive relief regarding visitation restrictions became moot when those restrictions expired), *trans. denied*.

[16] A court may not, in general, consider a request for declaratory judgment if the case is moot or calls merely for an advisory opinion. *City of Hammond v. Bd. of Zoning App.*, 284 N.E.2d 119, 126 (Ind. Ct. App. 1972) (citing *Rauh v. Fletcher Sav. & Trust Co.*, 207 Ind. 638, 641, 194 N.E. 334, 336 (1935)). An opinion is "advisory when it would not change or affect legal relations between the

parties." *Saylor v. State*, 81 N.E.3d 228, 232 (Ind. Ct. App. 2017), *trans. denied*. By the time the Commission filed its motion to dismiss on May 11, 2022, the May 3, 2022, primary election had already occurred, rendering any decision by the court regarding the constitutionality of the Statute an impermissible advisory opinion. Consequently, the matter had been rendered moot.

[17] That said, both sides acknowledge that Indiana courts recognize an exception to the mootness doctrine for matters of "great public interest which [are] likely to recur." *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019). The parties differ, however, on whether the additional element of the issue evading review must also be present, with Bookwalter arguing that it need not be established and the Commission arguing that it must be. As Bookwalter points out, the Indiana Supreme Court's most recent pronouncements on the matter do not include "evading review" as a part of the great-public-interest exception to mootness. *See Eunjoo Seo v. State*, 148 N.E.3d 952, 954 n.1 (Ind. 2020) ("But irrespective of mootness, this case presents a novel, important issue of great public importance that will surely recur."). We need not address the question of whether this issue evades review, however, if we conclude that Bookwalter has failed to establish either that the issues in this case are of great public interest or likely to recur. We need only address whether Bookwalter has carried his burden to establish that the issues in this case are likely to recur. We conclude that he has not.

[18] Bookwalter argues that the issues in this case are certain to recur, perhaps with himself. Bookwalter also argues that the issues in this case may affect many

other potential candidates, *i.e.*, persons who change party allegiance, a situation of which Bookwalter argues the Statute makes no allowance. Bookwalter notes that, as most Hoosiers do not vote in primaries, would-be candidates could be surprised to find themselves ineligible to run for office pursuant to the Statute, which would bar those who started voting in the primaries this year from running for office as a Republican or Democrat in the next primary. Bookwalter, however, does not establish that such things are likely to recur, only arguing that they *could* recur. Bookwalter points to nothing in the record tending to show that potential candidates are routinely denied appearances on primary ballots by operation of the Statute or that such denials will recur. Without more, given the bar on addressing constitutional issues unless absolutely necessary, *see, e.g.*, *Snyder*, 958 N.E.2d at 786, we conclude that Bookwalter has failed to carry his burden to establish that the issues in this case are likely to recur. Lacking that showing, Bookwalter has failed to establish that the great-public-interest exception to the mootness doctrine applies.[2]

[19] Moreover, we cannot ignore the fact that Bookwalter chose to wait over three weeks to petition for judicial review following the Commission's ruling. In fact, Bookwalter's petition was filed on the day of the statutory deadline for counties to receive delivery of printed absentee ballots, followed five days later by the statutory deadline for counties to begin mailing absentee ballots to eligible

---

[2] Because of our disposition, we do not address Bookwalter's various constitutional challenges, nor do we address the arguments in the brief filed by *amicus curiae*, former Indiana State Representative Curt Nisly, which includes challenges to the Statute pursuant to Article 1, section 23, and Article 4, section 7, of the Indiana Constitution. (Amicus Br. 5, 8).

voters. After these statutory deadlines passed, any ruling the trial court might have made in Bookwalter's favor would have amounted to nothing more than closing the barn door after the horse had left the barn. Under the circumstances of this case, with its admittedly compressed timeline, Bookwalter's delay in filing effectively eliminated any chance he had to keep his case "live." Bookwalter could have petitioned for judicial review the day after the Commission's ruling, or soon thereafter, but chose to wait twenty-four days, until the very day absentee ballots were required by law to be delivered to counties. We agree with the trial court that Bookwalter effectively acceded to the preparation and distribution of absentee ballots without his name on them, after which it was too late.

[20] The judgment of the trial court is affirmed.

May, J., and Mathias, J., concur.